IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANTHONY RAY THOMPSON              :

    Plaintiff,                              :

vs.                                                :    CIVIL ACTION 19-0698-JB-MU

VINCENT NORMAN, *et al.*,         :

    Defendants.                         :

REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's Request for Temporary Restraining Order ("Motion") (Doc. 6).[1] In the Motion, Plaintiff wants Defendants to be ordered not to harm him and to refrain from committing any illegal acts against him. The undersigned recommends that the Motion be **DENIED** because Plaintiff has failed to meet the requirements for a TRO.

The primary purpose of a temporary restraining order or a preliminary injunction is to maintain the status quo of the parties until there is a trial on the merits. University of Texas v. Camenisch, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834, 68 L.Ed.2d 175 (1981). "[A] preliminary injunction is an extraordinary and drastic remedy[,]" which will not be granted unless the movant carries the burden of persuasion on the following four prerequisites. Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985)

---

[1] Plaintiff is an Alabama prison inmate who is proceeding pro se in this § 1983 action. He seeks redress for alleged excessive or illegal treatment from jail authorities.

(citation and quotations marks omitted).  To prevail on a request for injunctive relief, the movant must show:

> (1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to public interest.

Id.  Moreover, injunctive relief will not issue unless the complained of conduct is imminent and no other relief or compensation is available.  Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).

In the present Motion, Plaintiff argues that all four elements are satisfied.  The Court's findings, however, are to the contrary.  An examination of the second element - whether Plaintiff will suffer irreparable injury unless the injunction issues – reflects that he has not met his burden of persuasion.

In his Motion Plaintiff does not identify a specific injury he will suffer if injunctive relief does not issue.  Plaintiff states in a general manner that he seeks to avoid harm from Defendant Norman who "who may decide to retaliate…" (Doc.  at para. 2) and further requests an order for Defendants to "refrain from committing … illegal acts" set out in a list. (Id. at para. 5). These assertions do not meet the burden of showing that irreparable, imminent harm will result if injunctive relief does not issue.  Plaintiff's allegations are speculative ("may retaliate") and seek enforcement of the law ("refrain from … illegal acts). The Court finds that Plaintiff has failed to carry his burden of persuasion on this one element.

Finding that Plaintiff has not met his burden of persuasion in regard to one element, the Court will not address the remaining elements because Plaintiff bears the

burden of persuasion on each of the four elements. United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983)(finding that a preliminary injunction was properly denied where movant failed to meet the burden of persuasion on one factor).

Accordingly, it is recommended that Plaintiff's Motion (Doc. 6) be denied.

**DONE** this 12th day of November, 2019.

s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is

3

found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.