## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY RAY THOMPSON, #137578, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 19-0698-JB-MU |
| VINCENT NORMAN, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff Anthony Ray Thompson, an Alabama prison inmate proceeding *pro se* and *in forma pauperis,* filed an action under 42 U.S.C. § 1983, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review of the complaint (Doc. 1), it is recommended this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

**I. Screening a Complaint for Maliciousness.**

Thompson commenced this action by filing a complaint on the Court's § 1983 complaint form. (Doc. 1). Because he is proceeding *in forma pauperis* (Doc. 3), the Court is required to screen his complaint under 28 U.S.C. § 1915(e)(2)(B). This section requires the dismissal of a prisoner action if it is determined that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff

affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs it under penalty of perjury, as such a complaint is an abuse of the judicial process warranting dismissal without prejudice as malicious. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under 28 U.S.C. § 1915(g) an action that was dismissed for an abuse of legal process because the inmate lied under penalty of perjury about a prior lawsuit), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215-17 (2007); *see also, e.g., Schmidt v. Navarro*, 576 F. App'x 897, 898-99 (11th Cir. 2014) (unpublished) (affirming the action's dismissal as malicious because the plaintiff abused the judicial process when he failed to disclose the existence of two prior federal actions in his complaint signed under penalty of perjury);[1] *Sears v. Haas,* 509 F. App'x 935, 935-36 (11th Cir. 2013) (unpublished) (finding an action's dismissal without prejudice as malicious for an abuse of judicial process was warranted where, in a complaint signed under penalty of perjury, the inmate failed to disclose a case filed just five months before and another case filed six years earlier); *Jackson v. Florida Dep't of Corr.*, 491 F. App'x 129, 131-32 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of an inmate's action as malicious because he abused the judicial process when under penalty of perjury he avowed on the complaint form that he had no action dismissed prior to service process even though he had one), *cert. denied*, 569 U.S. 960 (2013); *Redmon v. Lake Cty. Sheriff's Office*, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action that was found to be abusive when he filed a complaint signed

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

under penalty of perjury and did not disclose a prior lawsuit relating to his imprisonment or conditions of imprisonment when the complaint form asked for disclosure of such lawsuits); *Shelton v. Rohrs*, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions); *Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir.) (unpublished) (relying, on *Rivera*, the Eleventh Circuit affirmed the determination of an abuse of the judicial process and the issuance of a strike when the prisoner had listed only two prior cases even though he filed two other federal cases within the preceding month), *cert. denied*, 562 U.S. 1013 (2010).

When an action is dismissed without prejudice as malicious, the Court considers whether the action may be re-filed. *See Schmidt*, 576 F. App'x at 899 (affirming a malicious dismissal without prejudice for plaintiff's failure to advise of prior lawsuits, because the statute of limitations did not bar the complaint's re-filing). When a statute of limitations has expired, a dismissal without prejudice is tantamount to a dismissal with prejudice because the plaintiff is unable to re-file an action, and then the court should consider lesser sanctions. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014) (unpublished); *Hines v. Thomas*, 604 F. App'x 796, 800 (11th Cir. 2015) (unpublished). In Alabama, the statute of limitations for filing a § 1983 action is two years. *Lufkin v. McCallum,* 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied,* 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).

**II. Analysis.**

This Court's § 1983 complaint form asked Plaintiff to state if he had filed other lawsuits, in state or federal court, relating to his imprisonment. (Doc. 1 at 3, PageID.3). Plaintiff responded "yes" and listed one lawsuit that was dismissed on the grounds of failure to state a claim and of immunity.[2] (*Id.*). He then signed his complaint under penalty of perjury stating that the facts in his Complaint were true and correct. (*Id.* at 27, PageID.27). He did not list any other lawsuits even though the complaint form required him to do so and to follow the form's format when listing them. (*Id.* at 3, PageID.3).

The Court, in screening the complaint under 28 U.S.C. § 1915(e)(2)(B), discovered in its examination of PACER (Public Access to Court Electronic Records)[3] that Plaintiff previously filed other actions that he did not acknowledge, namely, *Thompson v. Haddock, et al.*, CA No. 5:01-cv-01481-JHH-PWG (N.D. Ala. 2012) (voluntary motion to dismiss); *Thompson v. Haddock,* CA No. 5:03-cv-03294-CLS-PWG (N.D. Ala. 2004) (dismissed pursuant to § 1915A(b)(1) and (2) because defendant was immune); and *Thompson v. Slate,* CA No. 5:92-cv-02264-JHH-TMP (N.D. Ala. 1993) (docket entries reflect that the district judge did "not fully concur with [the] conclusion that [the] petition [against the judge] is frivolous, [but] agrees petition should be dismissed without prejudice for want of exhaustion of state remedies[.]") . These three cases are in addition to the case he listed, and the three habeas cases found on PACER.

Thus, the Court concludes that Plaintiff did not provide the information requested

---

[2]  By means of deduction, it appears *Thompson v. Haddock,* CA No. 5:07-cv-02273- JEO (N.D. Ala. 2008), is the listed action.

[3]  The Court takes judicial notice of the U.S. Party/Case Index, PACER Service Center, available at *http://pacer.psc.uscourts.gov*. *Grandinetti v. Clinton*, 2007 WL 1624817, at *1 (M.D. Ala. 2007).

4

by the complaint form about his prior actions. Therefore, when Plaintiff filed the present Complaint on September 18, 2019, he knowingly chose not to list his prior actions, and then he proceeded to sign his complaint under penalty of perjury. (Doc. 1 at 27, PageID.27).

The Court's complaint form requests information about prior actions from a prisoner plaintiff to assist it in determining if the prisoner is barred under 28 U.S.C. § 1915(g) (the "three-strikes" rule), if the action is connected to another action, and if the plaintiff is familiar with litigating his claims. *Doctor v. Nichols*, 2015 WL 5546397, at *3 (N.D. Fla. 2015) (unpublished). When the prisoner fails to provide the information about his prior actions on the complaint form, the Court is deprived of this knowledge to assist it in handling the prisoner's action, which causes the Court to expend more resources and time. (*Id.*).

Moreover, the judicial system is structured so that when a plaintiff files a civil action, he certifies to the court that his signed pleading, "to the best of [his] knowledge, information and belief, formed after an inquiry[,] . . . is not being presented for any improper purpose . . . and the factual contentions have evidentiary support. . . ." FED.R.CIV.P. 11(a) & (b)(1) & (3). The purpose of Rule 11 is to impress on the signer his personal responsibility of validating "the truth and legal reasonableness of the document" he is filing, which assists in conserving the court system's resources and in avoiding unnecessary proceedings. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 543, 547, 111 S.Ct. 922, 929, 931, 112 L.Ed.2d 1140 (1991).

Because Plaintiff was not truthful to the Court about his prior litigation on his complaint form, his action is subject to being dismissed as malicious for abusing the

5

judicial process. The only reason the Court would not recommend the dismissal without prejudice of this action is if the present action could not be re-filed because the two-year statute of limitations had expired.

An examination of the substance of the complaint reflects that Plaintiff is complaining about Defendant assaulting him, a disabled person, on August 5, 2019. (Doc. 1 at 4, PageID.4). Thus, the two-year of statute of limitations for a § 1983 action has not expired on his claims. *Lufkin v. McCallum*, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.) (finding the statute of limitations for a § 1983 action filed in Alabama is two years), *cert. denied*, 506 U.S. 917 (1992). Because this action can be re-filed, this action is due to be dismissed without prejudice as malicious.

## III. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this **r**eport and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to

factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 6th day of February, 2020.

                                          s/ P. BRADLEY MURRAY
                                          **UNITED STATES MAGISTRATE JUDGE**